UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES EDWARD SHIPMAN,<br><br>                            Petitioner,<br><br>v.<br><br>DIRECTOR OF THE DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>                            Respondents. | Case No.: 19cv2412-MMA (KSC)<br><br>**SUMMARY DISMISSAL OF SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(B)(3)(a) GATEKEEPER PROVISION** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his 2012 conviction in San Diego County Superior Court case number SCN239448. Doc. No. 1 at 1.

**PETITION BARRED BY GATEKEEPER PROVISION**

The instant Petition is not the first Petition for a Writ of Habeas Corpus Petitioner has submitted to this Court challenging his 2012 conviction in San Diego Superior Court regarding case number SCN239448. On July 1, 2015, Petitioner filed in this Court a Petition for a Writ of Habeas Corpus challenging that same conviction. *See* Pet. filed 7/1/15 [Doc. No. 1] in S.D. Cal. Civil Case No. 15cv1451-BAS (BGS). On May 9, 2016, this Court denied the petition on the merits of the claims presented. *See* Order filed 5/9/16 [Doc. No. 13] in S.D. Cal. Civil Case No. 15cv1451-BAS (BGS).

Petitioner is now seeking to challenge the same conviction he challenged in his prior federal habeas petition. Unless a petitioner shows he or she has obtained an Order from the appropriate court of appeals authorizing the district court to consider a successive petition, the petition may not be filed in the district court. *See* 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (a petition is successive where it challenges "the same custody imposed by the same judgment of a state court" as a prior petition). Although Petitioner relies on new caselaw in support of his claims, *see* Doc. No. 1 at 14-19, which is a listed basis for obtaining permission to file a successive petition, *see* 28 U.S.C. § 2244(b)(2)(A)), he must first obtain authorization from the Ninth Circuit Court of Appeals to file a petition in this Court. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.")

Here, Petitioner has checked the "no" box in the section of the petition form where it asks whether the Ninth Circuit Court of Appeals has granted him leave to file a successive petition. Doc. No. 1 at 5.

## **CONCLUSION**

Because there is no indication Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a successive petition, this Court cannot consider his Petition. Accordingly, the Court dismisses this action without prejudice to Petitioner filing a petition in this court if he obtains the necessary order from the Ninth Circuit Court of Appeals. ***The Clerk of Court is directed to send Petitioner a blank Application for Leave to File a Second or Successive Petition Under 28 U.S.C. § 2254 together with a copy of this Order.***

**IT IS SO ORDERED**.
Dated: December 18, 2019

Hon. Michael M. Anello
United States District Judge